IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:15-CR-39-JDK |
| vs. | § § | |
| | § | |
| ANTHONY BERNARD POPE (1) | § § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On February 23, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Robert Wells. Defendant was represented by Charles Van Cleef.

### *Background*

After pleading guilty to the offense of Receipt or Possession of Unregistered Firearm, a Class C felony, Defendant Anthony Bernard Pope was sentenced on June 14, 2016 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Defendant was sentenced to 51 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment.

Defendant completed his term of imprisonment and started his term of supervised release

on July 7, 2020.  The case was re-assigned to United States District Judge Jeremy D. Kernodle on

July 22, 2020.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 2,

2020, United States Probation Officer Glenn Filla alleges that Defendant violated the following

conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that the Panola County Sheriff's Office charged Defendant with Failure to Signal on September 20, 2020

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that Defendant admitted to methamphetamine and cocaine use on or about July 16, 2020 and admitted to methamphetamine use on or about September 25, October 13, and November 13, 2020.

3. **Allegation 3 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer**. It is alleged that Defendant associated with a convicted felon on or about September 20, 2020.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release

and require a Defendant to serve in prison all or part of the term of supervised release without

credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the

maximum imprisonment sentence that may be imposed is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing cocaine or methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was VI.  The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment, capped by the statutory maximum of 2 years.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using cocaine or methamphetamine, committing the offense of Failure to Signal, or by associating with a convicted felon as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

### *Hearing*

On February 23, 2021, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Robert Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of 21 months of imprisonment with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation for designation at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 21 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### <u>RECOMMENDATION</u>

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 21 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 21 months

of imprisonment with no further supervised release.

So ORDERED and SIGNED this 23rd day of February, 2021.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE